UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                Plaintiff,

v.

CITY OF TACOMA, et al,

                Defendants.

Case No. 3:23-cv-05754-DGE

REPORT AND RECOMMENDATION

Noted for: September 29, 2023

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* (IFP) in regard to her amended proposed complaint. Dkts. 5, 7. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). After careful consideration of the proposed amended complaint, the Court recommends that plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

    A. Subject Matter Jurisdiction

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this

issue to the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh,* 546 U.S. 500 at 514. "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also, Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires").

Plaintiff indicates that this Court has both federal question and diversity jurisdiction over her claim. Dkt. 7 at 3. The only basis for federal question jurisdiction asserted by plaintiff is the Ninth Amendment to the Constitution – yet, plaintiff fails to state any causes of action. *See* Dkt. 7 at 3. Matters of federal question arise under federal law only when the federal questions arise on the face of the well-pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

Furthermore, although plaintiff states that diversity of citizenship exists between the parties, she identifies two of the defendants, City of Tacoma, and Washington State Commissioner Mike Kreidler, as Washington State residents or entities. Dkt. 7 at 2-3.

B. Failure to State a Claim

Even if plaintiff's complaint met the requirements for subject matter jurisdiction in this Court, she fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain

statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiff has not provided sufficient facts to support a claim for relief and has not explained the cognizable legal theory behind her allegations. The factual basis for plaintiff's claims is not entirely clear, but she appears to allege that documentation may have been altered to give rights to her ex-husband for a parcel of land that was left to plaintiff by her grandparents. Dkt. 7 at 4. She also alleges that a sewage lien and another lien were placed on 7/11/2016 and 5/31/2012 respectively, although she does not specify who placed the lien, what the lien was placed on, or why the liens were placed. *Id*. Plaintiff appears to challenge the liens alleging that she was not properly served. *Id*. As for the legal basis of the claims, plaintiff cites RCW 60.04.141 and the Ninth Amendment but in no way explains how these statutes and Amendments relate to her factual allegations.

C. Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.

1995). In this case, plaintiff has already filed an amended complaint and has failed to articulate any cognizable legal claims against defendants. *See* Dkts. 1, 5, 7. Due to the lack of subject matter jurisdiction, any attempt by plaintiff to amend the proposed complaint would be futile. As such, the Court should deny leave to amend the complaint.

## CONCLUSION

For the reasons discussed above, the Court recommends that plaintiff's motion to proceed IFP be denied and this matter be dismissed without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023 as noted in the caption.

Dated this 8th day of September, 2023.

Theresa L. Fricke
United States Magistrate Judge